IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00659-M

DENNIS WILLIAMS EL and EMPRESS
DAGMAR WILLIAMS,

    Plaintiffs,

v.

JAMES FLOYD AMMONS, JR., *in his official capacity as Senior Resident Superior Court Judge*, et al.,

    Defendants.

ORDER

    This matter comes before the court on Plaintiffs' pro se Motion for Temporary Restraining Order [DE 5]. Plaintiffs seek to enjoin enforcement of a state criminal judgment entered on November 13, 2023, against Empress Dagmar Williams. *Id.* at 1. For the following reasons, the motion is denied.

    In order to receive injunctive relief without "notice to the adverse party," Plaintiffs must (1) set forth "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant;" (2) "certif[y] in writing any efforts made to give notice and the reasons why it should not be required;" and (3) "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(b)(1) & (c).

    A party who complies with these requirements must then demonstrate that (1) "he is likely to succeed on the merits"; (2) that he is likely to suffer irreparable harm in the absence of

preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *See Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Jacobs v. Holmes*, No. 5:15-CT-3031-FL, 2015 WL 3891395, at *2 n.1 (E.D.N.C. June 14, 2015) (noting that a temporary restraining order is governed by the same general standards as preliminary injunctions) (citing *Hoechst Diafoil v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). "[E]ach of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018). "[A] district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors." *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023).

Plaintiffs' argument is difficult to follow. Instead of making an argument in the pending motion, they direct the court's attention to their complaint and its twenty-five attachments. To the best of the court's understanding, Plaintiffs challenge a criminal judgment that was entered against Mrs. Williams in Cumberland County Superior Court on November 13, 2023. DE 1 at 5; DE 1-8. At that time, Mr. Williams-El was residing in Japan. DE 1 at 4. When he returned, he and Mrs. Williams attempted to file numerous notices, declarations, and affidavits in state court. *See* DE 1-1, 1-2, 1-3, 1-4, 1-7. The thrust of their argument was that the state court lacked jurisdiction to conduct a criminal prosecution against Mrs. Williams without the presence of her husband, Mr. Williams-El. *See generally id.* The state court declined to accept the filings because judgment had already been entered. DE 1-8. Plaintiffs seek to enjoin enforcement of and reliance on that judgment. DE 5 at 1.

Plaintiffs have not established a likelihood of success on the merits. They bring claims under the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983, but they make no effort whatsoever to develop an argument as to how the state court judgment violates those

2

provisions or as to why a federal lawsuit is the appropriate vehicle with which to attack it. Moreover, they identify no legal authority that prevents a state court from pursuing criminal charges against a woman without the presence of her husband, whether or not that husband has invoked the principle of "sovereign headship." *See* DE 1-1. While pro se documents are to be liberally construed, courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiffs develop no substantive argument, and this court will not make one for them.

For these reasons, Plaintiffs fail to meet their high burden in justifying an *ex parte* temporary restraining order. Accordingly, their motion [DE 5] is DENIED.

SO ORDERED this 22d day of October, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE