IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00659-M-BM

| | |
|---|---|
| DENNIS WILLIAMS EL,<br><br>Plaintiff,<br><br>v.<br><br>JAMES FLOYD AMMONS, JR., *in his official capacity as Senior Resident Superior Court Judge*, et al.,<br><br>Defendants. | ORDER |

This matter comes before the court on Defendants' Motion to Dismiss [DE 21] and the pro se Plaintiff's renewed Motions for Preliminary Injunction [DE 11, 18]. Defendants seek dismissal of this case for the court's lack of subject matter jurisdiction and for Plaintiff's failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.

The matter was referred to United States Magistrate Judge Brian S. Meyers who issued a Memorandum and Recommendation ("M&R"), recommending that Defendants' motion to dismiss for lack of jurisdiction be granted and Defendants' motion to dismiss for failure to state a claim be denied as moot. Further, Judge Meyers recommends that Plaintiff's renewed motions be denied as moot. The court finds that Plaintiff fails to plausibly assert Article III standing requirements and/or an Eleventh Amendment exception and, thus, the court adopts the recommendation to dismiss Plaintiff's claims for this court's lack of subject matter jurisdiction. Judge Meyers did not mention whether dismissal should be with or without prejudice and, because the court's analysis and conclusions are made pursuant to Rule 12(b)(1), the dismissal is without prejudice.

## I. Case Background

No party objects to Judge Meyers' recitation of the factual and procedural background of this case, and this court recounts it in substantial part here.

### A. Procedural History

On October 20, 2025, Plaintiff Dennis Williams El ("Plaintiff") initiated this action against Defendants. DE 1 at 1. On the same date, he filed a motion for a temporary restraining order ("TRO") and a motion for a preliminary injunction, essentially seeking to enjoin enforcement of a state court judgment against his wife. DE 5, 6. The court denied the motion for a TRO on October 23, 2025, for Plaintiff's failure to establish a likelihood of success on the merits and denied without prejudice the motion for a preliminary injunction on October 24, 2025, for Plaintiff's failure to provide notice to the Defendants. DE 7, 8.

On November 17, 2025, Plaintiff filed the present renewed motion for a preliminary injunction. DE 11. Defendants filed a motion to dismiss on November 19, 2025, but, the following day, Plaintiff filed the operative amended complaint—which rendered moot Defendants' November 19 motion—and the present second renewed motion for a preliminary injunction. DE 17, 18.

In his Amended Complaint, Plaintiff[1] brings this action against Defendants James Floyd Ammons, Jr., Senior Resident Superior Court Judge for Cumberland County, in his official capacity ("Ammons"); Lisa Scales, Clerk of Superior Court for Cumberland County, in her official capacity ("Scales"); and the State of North Carolina ("North Carolina"). DE 17 at 2. Plaintiff alleges that his spouse, Empress Dagmar Williams ("Dagmar Williams"), was prosecuted

---

[1] Plaintiff states in the Amended Complaint that he "appears pro se in his individual capacity . . . [and] identifies his role as spouse of [Dagmar Williams] only for factual context and does not seek to represent any other person." DE 17 at 2.

criminally in Cumberland County Superior Court in *State v. Dagmar Williams* (22CR052835-250) when Plaintiff resided abroad. *Id.* Plaintiff "returned to the United States in late 2024 and began reviewing the state-court record for [*State v. Dagmar Williams*], 22CR052835-250." *Id.* Plaintiff claims that, in 2024 and 2025, he "submitted filings to the Cumberland County Clerk's Office for inclusion in the record," presumably referring to the record in *State v. Dagmar Williams*. *Id.* He alleges the submitted "filings were not docketed, despite Plaintiff's repeated attempts." *Id.* Plaintiff claims "Ammons issued a written memorandum stating that Plaintiff's filings were 'not proper to file' and would not be entered into the state record." *Id.* Plaintiff identifies the memorandum as the document attached as Exhibit H to the original complaint.[2] *Id.*

The memorandum is dated October 7, 2025. DE 1-8 at 2. The body of the memorandum reads in full:

> This will acknowledge my receipt of your letter. Our records show that judgment was entered on November 13, 2023. The documents submitted are not proper to file in this case and furthermore the rules 901 and 902 are referring to the Federal Rules of Evidence making this filing in the wrong venue. The Federal Rules of Evidence do not apply to State cases. Along with the acknowledgment to your letter any further filings of these documents will not be answered.

*Id.* Plaintiff claims this memorandum "confirm[s] that the Clerk's Office, under direction from ... Ammons, was intentionally blocking the docketing of [p]laintiff's filings." DE 17 at 2. Plaintiff

---

[2] "If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citing 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1476, pp. 636-637 (3d ed. 2010)); *see also Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)) ("An amended complaint supersedes those that came before it."). However, a court may consider exhibits attached to the original complaint that are integral to and explicitly relied on in the amended complaint, and whose authenticity is unchallenged. *Jeffrey M. Brown Assocs., Inc. v. Rockville Ctr. Inc.*, 7 F. App'x 197, 202 (4th Cir. 2001). Consequently, the court has considered Exhibit H to the original complaint, although it is not attached to the Amended Complaint. Notably, Plaintiff requests leave to amend in lieu of dismissal, but he fails to make such request in a motion and to attach a proposed amended pleading as required for consideration of whether justice requires such amendment(s). Fed. R. Civ. P. 7(b), 15(a); Local Civil Rule 15.1.

alleges that because the state court blocked his proposed filings he "has been unable to correct procedural issues in the state case or obtain accurate, complete, certified documents necessary for legal purposes." *Id.* Further, he states Dagmar Williams "is a Lawful Permanent Resident" whose "Green Card expires on December 30, 2025." *Id.* The prevention of his correction of the state judgment "creates a significant risk that her renewal application will be . . . denied, . . . delayed beyond expiration, . . . or referred to enforcement authorities." *Id.* Additionally, he claims he "cannot obtain corrected or updated state court records necessary to proceed with renewal [of Dagmar Williams' lawful permanent resident status] before the December 30, 2025 deadline." *Id.*

Plaintiff asserts claims under 42 U.S.C. § 1983. DE 17 at 1; 3 ¶ 27. He states that he has been denied "meaningful access to the courts" in violation of the First and Fourteenth Amendments. *Id.* at 3. He also alleges that defendants' actions deprived him of "notice and an opportunity to be heard" in violation of the Fourteenth Amendment. *Id.* Finally, he claims that "[t]he state court's informal pre-screening and rejection of filings . . . constitutes arbitrary deprivation of process." *Id.* Plaintiff asserts that the court has federal question jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331 (providing for jurisdiction over civil actions arising under federal law) and 1343 (providing for jurisdiction over civil actions seeking, e.g., redress of state deprivations of federal civil rights). *Id.* at 1.

Plaintiff requests the following relief: (1) "[a] Declaratory Judgment stating that Defendants' refusal to docket filings violates the First and Fourteenth Amendments"; (2) "[a] Preliminary and Permanent Injunction prohibiting Defendants from enforcing or relying on the November 13, 2023 judgment pending full and fair resolution of procedural issues"; (3) "[a]n order directing the Clerk of Superior Court to accept and docket filings tendered by Plaintiff that relate

to procedural or jurisdictional issues"; and (4) "[a]ny further equitable relief the [c]ourt deems just and proper." *Id.* at 4. Plaintiff seeks no monetary relief. *See id.*

**B. Defendants' Motion to Dismiss**

On December 4, 2025, Defendants filed the present motion to dismiss, along with a supporting memorandum, and a response in opposition to Plaintiff's renewed motions for a preliminary injunction. DE 21, 22, 23. Defendants contend that this court lacks subject matter jurisdiction on four grounds: (1) Plaintiff lacks standing to bring these claims; (2) Plaintiff's claims are barred by sovereign immunity under the Eleventh Amendment; (3) Plaintiff's claims are also barred under the *Rooker-Feldman* doctrine; and (4) abstention is appropriate under the abstention doctrine in *O'Shea v. Littleton*, 414 U.S. 488 (1974). DE 29 at 7. Plaintiff filed a response opposing the motion on December 29, 2025, arguing that none of Defendants' asserted defenses warrant dismissal of his claims for the following reasons: (1) Plaintiff alleges "direct and personal injuries" that were caused by "Defendants' refusal to accept filings"; (2) Plaintiff "seeks only forward-looking relief to address an ongoing constitutional violation" that is being perpetuated by a state official; (3) Plaintiff challenges "Defendants' [ongoing] refusal to accept filings," thus rendering the *Rooker-Feldman* defense inapplicable; and (4) Plaintiff challenges conduct that "constitutes administrative gatekeeping rather than a judicial act." DE 27 at 2, 4-5.

**C. Plaintiffs' Renewed Motions for a Preliminary Injunction**

In his first renewed motion for a preliminary injunction, Plaintiff alleges the risk to the immigration status of Dagmar Williams as the alleged "immediate and irreparable harm." DE 11 at 3-4. The order Plaintiff proposes provides, in part:

> Defendants, their officers, agents, servants, employees, and all persons acting in concert with them are ENJOINED from enforcing, relying upon, or giving effect to the November 13, 2023 judgment entered in *State v. Dagmar Williams*, Case No. 22CR052835-250, pending final resolution of this civil action.

DE-11-1 at 1.

The second renewed motion for a preliminary injunction also alleges the risk to Dagmar Williams' immigration status as the immediate and irreparable harm alleged. DE 18 at 3. In addition to seeking enjoinder of the judgment in Dagmar Williams' state criminal case, the proposed order with the second renewed motion provides:

> It is FURTHER ORDERED that the Clerk of Court for Cumberland County shall accept and docket filings tendered by Plaintiff relating to procedural or jurisdictional issues in . . . [Dagmar Williams'] case.

DE 18-2.

### D. Memorandum and Recommendation

Magistrate Judge Meyers reviewed the case and found that while Plaintiff has alleged injuries that may impact him personally, Plaintiff does not have Article III standing, as he has failed to plead that the challenged conduct caused his injuries or to show that the court can redress his injuries with his requested relief. DE 29 at 10, 12. Further, Judge Meyers found that Plaintiff's claims cannot be exempt from Defendants' sovereign immunity pursuant to the Eleventh Amendment, as the *Ex Parte Young* exception is inapplicable. *Id.* at 15-18. Finally, while Judge Meyers found that neither the *Rooker-Feldman* nor the *O'Shea* abstention doctrines fully bar Plaintiff's requests for declaratory judgment or injunctive relief, the "lack of standing and [the] applicability of Sovereign immunity to all of Plaintiff's claims" precludes the court from asserting subject matter jurisdiction over the Defendants. *Id.* at 20, 23. Given his findings, Judge Meyers recommends that Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) be granted based on this court's lack of subject matter jurisdiction, Defendants' motion pursuant to Rule 12(b)(6) be denied as moot, and Plaintiff's renewed motions for Preliminary Injunction be denied as moot. *Id.* at 23-24.

## II. Legal Standards

Here, the parties do not object to Judge Meyers' statement of the proper legal standards by which to evaluate the present motions, and the court restates them here.

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action if the court lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden of showing federal jurisdiction on a Rule 12(b)(1) motion." *Little v. Stock Bldg. Supply, LLC*, No. 4:10-CV-129-F, 2011 WL 5149176, at *3 (E.D.N.C. Sept. 2, 2011), *rep. & rec. adopted as modified*, No. 4:10-CV-129-F, 2011 WL 5149145 (E.D.N.C. Oct. 28, 2011) (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)); *see also Bio-Medical Applications of N.C., Inc. v. Elec. Data Sys. Corp.*, 412 F. Supp. 2d 549, 551 (E.D.N.C. 2006).

Analyzing a motion filed pursuant to Rule 12(b)(1) depends on the nature of the movant's challenge to subject matter jurisdiction. A defendant "may either assert (1) a facial challenge that the allegations pled in the complaint are not [ ] sufficient to establish subject matter jurisdiction; or (2) a factual challenge that the allegations establishing jurisdiction are not true." *Chong Su Yi v. Soc. Sec. Admin.*, 80 F. Supp. 3d 666, 669 (D. Md. 2015) (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

If the movant claims the complaint fails to allege sufficient facts to support subject matter jurisdiction, the court must assume all facts alleged in the complaint to be true, affording the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see also Kimble v. Rajpal*, 566 F. App'x 261, 262 (4th Cir. 2014) (noting that where defendant asserts that "the complaint fails to allege facts

sufficient to support subject matter jurisdiction . . . the court must evaluate the complaint in the same manner utilized in assessing a motion to dismiss for failure to state a claim—that is, viewing the well-pleaded facts in the complaint as true"). The court may consider any documents attached to the complaint in its analysis. *See Brooks-McCollum v. Aspen Prop. Mgmt. Co.*, 551 F. App'x 677, 679 n.* (4th Cir. 2014), *cert. denied*, 573 U.S. 948 (2014); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Alternatively, if the movant contests the accuracy of the plaintiff's jurisdictional allegations, the court must treat the allegations of the complaint as mere evidence and may consider matters beyond the pleadings without converting the motion to one for summary judgment. *See Richmond*, 945 F.2d at 768; *see also Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) ("[T]he court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning [subject matter] jurisdiction.").

**B. Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court can dismiss an action if the Plaintiff does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a Plaintiff's complaint to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A crucial first principle of this evaluation process is that when factual allegations are well-pleaded "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As the magistrate judge correctly stated, when as in this case, parties make competing motions, including Rule 12(b)(1) and 12(b)(6) motions, a court should

begin its analysis by addressing the Rule 12(b)(1) motion because "existence of subject matter jurisdiction is a threshold issue, which [a] court must address before addressing the merits" of the claim. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

**C. Pro Se Construction**

Plaintiff is proceeding pro se, and courts "are always obligated to construe liberally the contentions being pursued by pro se parties." *See Sinclair v. Mobile 360, Inc.*, 417 F. App'x 235, 243 (4th Cir. 2011). This construction "allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). However, while courts must ensure that motions or claims are not barred on technicalities, courts do not have to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). In general, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts have not modified this four-pronged legal test for parties that are proceeding pro se.

**D. Standard of Review**

For dispositive matters, magistrate judges may be designated to conduct hearings (if appropriate) and submit to the district court proposed findings and recommendations for the disposition of such matters. 28 U.S.C. § 636(b)(1)(B). A magistrate judge's recommendation carries no presumptive weight. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . and may

also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b).

The court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Section 636(b)(1) "contemplates that a party's objection to a magistrate judge's report be specific and particularized." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Thus, "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622. Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## III. Plaintiff's Objections

Plaintiff concedes for purposes of this analysis that Judge Meyers was correct in concluding that the *Rooker-Feldman* doctrine bars his request for an "[i]njunction prohibiting Defendants from enforcing or relying on the [state court] judgment." DE 30 at 1-2 (citing DE 29 at 19-20). Instead, Plaintiff objects "to the recommendation that the remaining action [(i.e., Plaintiff's request for relief from Defendants' conduct in prohibiting Plaintiff from filing documents in the state court action)] be dismissed in its entirety for lack of subject-matter jurisdiction." DE 30 at 2. First, Plaintiff objects to the magistrate judge's conclusion that plaintiff "failed to sufficiently establish causation" and the "redressability" required to obtain Article III standing. *Id.* at 4-5. Second, Plaintiff objects that Judge Meyers improperly "collapsed into Article III standing" the ultimate issue of whether he has a substantive right to file documents in his wife's criminal case. *Id.* at 7. Also, Plaintiff objects that his allegations addressing Defendant Scales "fall[] outside the *Ex Parte*

*Young* exception" and that the "docketing-related controversy" should be considered independent of his request for "direct federal review of Dagmar Williams' conviction." *Id.* at 9, 11. Plaintiff's final contentions are not actually objections to the magistrate judge's recommendations but, rather, alternative requests for leave to amend his Amended Complaint [DE 17] and for any potential Rule 12(b)(1) dismissals that this court may issue to be "without prejudice." *Id.* at 12-14.

## IV. Analysis

As previously stated, when parties file competing motions, amongst which one is a Rule 12(b)(1) motion, the court will first review the Rule 12(b)(1) motion because subject matter jurisdiction must be established before the court can address the merits of the issue(s). The court agrees with Plaintiff that Defendants have lodged "facial" challenges to the operative pleading. *See* DE 30 at 4.

Upon de novo review of those portions of the M&R to which Plaintiff presented sound objections, the court finds it lacks subject matter jurisdiction to hear Plaintiff's claims. First, Plaintiff concedes that his request for an order enjoining the state court's judgment in *State v. Dagmar Williams* may be barred by the *Rooker-Feldman* doctrine, but the court finds his allegations, taken as true, fail to state the requirements necessary to show he has Article III standing to bring such claim.

To establish standing, a plaintiff must demonstrate that (i) he has suffered or likely will suffer an injury in fact, (ii) the injury likely was caused or will be caused by the defendant, and (iii) the injury likely would be redressed by the requested judicial relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). Judge Meyers found that Plaintiff fails to plausibly allege the causation and redressability prongs for Article III standing for his constitutional claims.

Notably, Plaintiff emphasizes that he brings his claims on his own behalf, not on behalf of a third party. Thus, for his request for an order enjoining the state criminal judgment against his wife, Plaintiff must demonstrate he suffered an injury caused by such judgment. However, "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (citing *Younger v. Harris*, 401 U.S. 37, 42 (1971)). Because Plaintiff does not plausibly state standing, the court lacks jurisdiction to hear this claim.

For Plaintiff's "access to the courts" theory, Judge Meyers found that Plaintiff plausibly states injuries in fact. No party objects to this finding, and the court finds no clear error. However, Plaintiff fails to allege facts necessary to plausibly show that Defendants' refusal to file his proffered documents in his wife's closed criminal case caused his inability to "obtain accurate, complete, certified documents necessary for legal purposes" (Am. Compl. ¶ 13); "correct[] state-court records . . . [and] seek[] post-judgment relief" (*id.* at ¶ 22); and "pursue lawful remedies" (*id.* at 1). The causation requirement is central to Article III standing. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 383 (2024). As the Supreme Court has explained, the "line of causation between the illegal conduct and injury"—the 'links in the chain of causation'—must not be too speculative or too attenuated." *Id.* (citations omitted).

Here, Plaintiff contends that his stated sequence of events (DE 30 at 5) demonstrates the "traceability" required under Article III; however, the "sequence" merely concludes that Defendants' conduct results in an "access injury." Plaintiff appears to believe that simply because the state court refused to file his documents—which he describes as "affidavits, notices, and legal documents intended to clarify jurisdictional and procedural issues" (Am. Compl. ¶ 9)— in a closed criminal case, he automatically suffered constitutional injuries. But, Rule 8 requires that the

allegations state a plausible claim and, here, Plaintiff does not allege any facts showing that Defendants' refusal to file his "documents" (vaguely defined) resulted in Plaintiff's inability to obtain "corrected or updated state-court records" (undefined) necessary to proceed with a renewal application for his wife's immigration greed card (*see id.* at ¶ 16). Plaintiff does not do so and, thus, his injury is not traceable to the challenged conduct.

Plaintiff also objects that Judge Meyers found his allegations insufficient to plausibly state that Plaintiff's injuries are redressable, arguing that he should not be required "to demonstrate that docketing would ultimately produce successful post-judgment relief." DE 30 at 7. The M&R and this order require no such thing. Plaintiff's allegations omit any facts showing *how* an order requiring the state court to accept plaintiff's filings would enable him to obtain accurate, complete, certified documents, correct state-court records, seek post-judgment relief, and/or pursue lawful remedies. What is missing here is not information establishing that this court's order ***will*** lead to a successful result; what the Amended Complaint omits is information showing that such order ***can*** possibly lead to a successful result. Plaintiff fails to plausibly allege that his injuries are redressable by his requested relief.

Plaintiff contends that the M&R improperly "collapses" the Article III inquiry with the ultimate question whether he has a legal right to compel Defendants to file his documents in his wife's criminal action. The court is not persuaded. Judge Meyers specifically addressed the admonition that courts refrain from "put[ting] the merits cart before the standing horse." DE 29 at 10 (quoting *Cooksey v. Futrell*, 721 F.3d 226, 239 (4th Cir. 2013)). His analysis (and this court's) in no way determine whether Plaintiff has such right (*see* DE 29 at 10-12); rather, the court takes the allegations as true and determines whether they are sufficient to meet Article III's requirements. In this case, they are not.

Judge Meyers found, in the alternative, that the court lacks subject matter jurisdiction under the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has interpreted the Eleventh Amendment to confer sovereign immunity for suits against a state by its own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890), *abrogated on other grounds by statute*, 42 U.S.C. § 2000d–7)). "Suits against state officers in their official capacities are considered suits against the state and are barred by sovereign immunity." *Olavarria v. N.C. Admin. Off. of the Cts.*, No. 5:15-CV-00049-F, 2015 WL 1526544, at *4 (E.D.N.C. Apr. 3, 2015) (citing *Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013), *aff'd sub nom. Myers v. Bizzell*, 673 F. App'x 310 (4th Cir. 2016)).

There are three exceptions to sovereign immunity under the Eleventh Amendment, but Plaintiff invokes only one: the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), permits suits against officials in their official capacities "requesting prospective relief to achieve the officials' compliance with federal law." *D.T.M. v. Cansler*, 382 F. App'x 334, 337 (4th Cir. 2010). The *Ex parte Young* exception applies only to state officials, not the state itself. *See Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 242 (4th Cir. 2020). Plaintiff does not dispute that the Eleventh Amendment applies to bar suit against Defendant North Carolina. Further, as Plaintiff sues Defendants Ammons and Scales in their official capacities, they are also protected by sovereign immunity, unless, as Plaintiff argues, they are excepted by *Ex parte Young*.

The exception under *Ex parte Young* applies "where suit is brought against state officials and '(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective.'" *Meredith v. Stein*, 355 F. Supp. 3d 355, 362 (E.D.N.C. 2018) (quoting *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998)). Claims brought under the *Ex parte Young* exception "must be directed at an official rather than the state or an agency thereof." *Lesane v. Bell*, No. 5:24-CV-564-FL-BM, 2024 WL 5316239, at *7 (E.D.N.C. Nov. 19, 2024) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). Additionally, the Supreme Court explained in *Ex parte Young* that the exception does not apply to judicial officials for judicial actions. 209 U.S. at 163 ("[T]he right to enjoin an individual, even though a state official . . ., does not include the power to restrain a court from acting in any case brought before it" because "an injunction against a state court would be a violation of the whole scheme of our Government."). "Thus, the *Ex [p]arte Young* exception to sovereign immunity 'does not normally permit federal courts to issue injunctions against state-court judges or clerks . . . [as] those individuals do not enforce state laws as executive officials might[.]'" *Bishop v. Funderburk*, No. 3:21-CV-679-MOC-DCK, 2022 WL 1446807, at *4 (W.D.N.C. May 6, 2022) (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)).

Judge Meyers concluded that Plaintiff's requests for relief involve actions taken by the official-capacity Defendants in their judicial-related capacities and, thus, they fall outside the *Ex parte Young* exception. DE 29 at 16-17. Plaintiff's only objection to the M&R's Eleventh Amendment findings is that Judge Meyers failed to "conduct a defendant-specific, function-specific, and remedy-specific analysis before concluding that sovereign immunity eliminates every independent claim." DE 30 at 11. First, the Amended Complaint contains two claims for relief: (1) denial of access to the courts in violation of the First and Fourteenth Amendments, and (2) a

violation of procedural due process in violation of the Fourteenth Amendment. Am. Compl. at 3.[3] Second, each claim alleges that Defendants Ammons and Scales "refus[ed] to docket [Plaintiff's] filings." *Id.* The court finds no error in Judge Meyers' conclusion that "accepting and docketing filings" and "enforcing or relying" on a state criminal judgment are judicial-type actions outside the scope of the *Ex parte Young* exception. Moreover, the court agrees with Judge Meyers' unopposed finding that Plaintiff does not seek *prospective* injunctive relief in this case as necessary for the exception to apply. Accordingly, the Eleventh Amendment bars Plaintiff's claims against Defendants in this case.

## V. Conclusion

Because the court lacks subject matter jurisdiction, it will not address the additional arguments made for dismissal of this case. For the reasons stated herein, the M&R is ADOPTED as follows: Defendants' Motion to Dismiss [DE 21] is GRANTED IN PART under Rule 12(b)(1) and DENIED IN PART AS MOOT under Rule 12(b)(6), and the pro se Plaintiff's renewed Motions for Preliminary Injunction [DE 11, 18] are DENIED AS MOOT. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE, and the Clerk of Court shall close this case.

SO ORDERED this 12th day of November, 2026.

Richard E. Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff alleges as "Count III" a "claim" seeking "prospective injunctive relief under Ex parte Young" (Am. Compl. at 3-4); however, this is not an actionable claim but rather a request for relief.